## BACON v. LAMB.

Where personal property was delivered and received in satisfaction of a promissory note, and the note surrendered and canceled, *held,* to be a payment of the note within the meaning of the term "paid" in an action upon a collateral agreement to pay money upon the payment of the note.

*Appeal from County Court of El Paso County.*

THE facts are stated in the opinion.

Mr. T. A. McMORRIS, for appellant.

Mr. WM. HARRISON, for appellee.

THATCHER, C. J.  August 4, 1875, A. C. Hunt being indebted to John H. Bacon, the plaintiff, in the sum of ten thousand dollars, gave him his three promissory notes, one for $3,000, one for $4,000, and another for $3,000.  To secure these notes, he gave Bacon a chattel mortgage upon a band of horses upon his ranch in Douglas county.  The first note due, being one of the three thousand dollar notes, Bacon assigned to Burr and Lamb, of which firm the defendant Lamb is the surviving partner.  August 9th, A. D. 1875, Burr and Lamb executed the following instrument in writing :

" $512 96-100.          COLORADO SPRINGS, *Aug.* 9, 1875.

When a note dated August 4, 1875, made by A. C. Hunt to order of John H. Bacon for $3,000, payable one year after date, and now held by us, is paid, we promise to pay, to the order of Charles Holmes, five hundred and twelve and ninety-six one-hundredth dollars, with interest at ten per cent after maturity.  Value received.

BURR & LAMB."

Holmes subsequently assigned it to Bacon who now brings suit upon it, and upon certain items of account.  The trial was to the court, from whose finding it is clear this written instrument was rejected on the ground that it was not due,

the contingency not yet having happened upon which it was made payable. This is really the only point argued by counsel. Was the note described in the instrument sued on ever paid ? Did the contingency therein mentioned happen ? Bacon, and one J. L. Williams as the agent of Lamb, with the three notes and the chattel mortgage in their possession, demanded of H. R. Hunt (acting as the agent of A. C. Hunt) that he should turn over to them the band of horses covered by the mortgage. This he refused to do. Finally, after exchanging several propositions, the agent delivered the mortgaged property to Bacon and Williams, and they canceled and surrendered the three notes. This, stripped of all unnecessary verbiage, was the character of the transaction. The horses were taken to Colorado Springs and there sold for about $2,825, which was less than the face of Lamb's note. As his note first fell due, and Bacon being liable thereon as indorser, it was agreed that the horses should be sold for Lamb's benefit. Whatever view may be taken of the evidence, whether the conclusion be reached that they were sold under the written stipulation, or whether Bacon and Williams made the purchase of the horses for Lamb, the controlling fact remains that the $3,000 note, described in the instrument sued on, as well as the other two notes, were canceled and surrendered, and in full satisfaction therefor the band of horses was received, with the consent of both Bacon and Lamb's agent, Williams. This must be construed to be a payment within the meaning of that word as used in the written instrument. It was a satisfaction and discharge of the note. The fact that the horses did not thereafter sell for a sufficient amount to cover the note and interest is not material, since they were accepted in full satisfaction. It is clear that Hunt was no longer indebted to either Bacon or Lamb. The contingency therefore happened upon which the note was made payable.

The judgment is

*Reversed.*